# IN THE COURT OF APPEALS OF IOWA

No. 24-0993
Filed December 3, 2025

**DENNIS LLOYD SMITH, individually and as conservator for MOLLY BURGESS SMITH,**
    Plaintiff-Appellant,

**vs.**

**CATHOLIC HEALTH INITIATIVES-IOWA CORP, d/b/a MERCYONE DES MOINES MEDICAL CENTER and SARIAH STEED, RN,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.

A plaintiff appeals an adverse summary-judgment ruling on his defamation claim. **AFFIRMED.**

William W. Graham of Duncan Green, P.C., Des Moines, for appellant.

Sarah E. Schleisman and Frederick T. Harris of Lamson Dugan & Murray, LLP, West Des Moines, for appellees.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

Dennis Smith appeals from an adverse summary-judgment ruling on his defamation claim against Catholic Health Initiatives Iowa Corp. doing business as MercyOne Des Moines Medical Center and nurse Sariah Steed (who we collectively refer to as CHI). The district court found Steed's characterization of Smith "yelling" at her was a statement of opinion rather than fact and therefore not actionable. Smith argues that "yelling" has a factually precise meaning. Given the briefing on appeal, we land in largely the same spot as the district and affirm.

Smith's wife was under the care of CHI in 2019. In 2021, Smith—on his own behalf and purportedly on behalf of his wife—filed suit alleging a variety of torts. All of the claims Smith purported to bring on behalf of his wife were dismissed as void because Smith engaged in the unauthorized practice of law.[1] The remaining tort claims, alleged by Smith personally, concerned defamation and intentional infliction of emotional distress. Only the defamation claim is before us.

The allegedly defamatory statements were recorded by Steed in Smith's wife's medical records. Steed recorded that Smith was "yelling" at her, "contin[ued] to yell at her," and "yelled" in the context of Steed providing nursing care. Smith disputes this characterization to some degree. He claims he did not raise his voice but described his belief Steed was "baiting [him] into a quarrel" and noted he "cut the discussion short" after telling her they were engaged in "the most idiotic discussion [he had] ever had." He also described himself as becoming

---

[1] This ruling is not challenged on appeal.

"exasperated" during the encounter. He asserts the stress from Steed's statements led him to experience psychiatric problems and other damages.

CHI moved for summary judgment, which the district court granted. The court reasoned the statements about Smith yelling were "non-actionable opinion" and therefore not governed by the tort of defamation. Smith moved to reconsider, which the court denied after enlarging its findings. And Smith appeals.

"We review summary judgment rulings for correction of errors at law." *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019) (citation omitted). We must decide whether characterizing someone as "yelling," as Steed charted, is an actionable statement of fact.

"Opinion is absolutely protected under the first amendment." *Jones v. Palmer Commc'ns, Inc.*, 440 N.W.2d 884, 891 (Iowa 1989). While "[i]t is difficult to draw a bright line between fact and opinion," the case law gives us several factors to consider:

> (1) "the precision and specificity of the disputed statement";
> (2) "verifiability," in the sense "that if a statement is precise and easy to verify, it is likely the statement is fact";
> (3) the "literary context" of the statement "taken as part of a whole, including the tone . . . and the use of cautionary language"; and
> (4) the social and political context which "focuses on the category of publication, its style of writing and intended audience," and whether it was made in the political arena.

*See id.* at 891–92 (cleaned up).

The only case cited by the parties in the briefing to address factually similar circumstances concluded that "statements that [the plaintiff] had been 'screaming,' 'yelling,' and 'ranting and raving' at [school] personnel were too imprecise to be actionable." *Jones v. Minneapolis Pub. Schs.*, No. C1-02-1523, 2003

WL 1962062, at *6 (Minn. Ct. App. Apr. 29, 2003).  In addition to dancing around concerns about drawing the line between fact and opinion, we think this decision embraces a form of the substantial-truth defense, characterized in the case law as a "supportable interpretation" of the events at issue.  *See, e.g.*, *Hunter v. Hartman*, 545 N.W.2d 699, 707 (Minn. Ct. App. 1996) ("[T]he substantial truth test is broad: if any reasonable person could find the statements to be supportable interpretations of their subjects, the statements are incapable of carrying a defamatory meaning, even if a reasonable jury could find that the statements were mischaracterizations." (cleaned up)); *cf. Moldea v. N.Y. Times Co.*, 22 F.3d 310, 317 (D.C. Cir. 1994) (observing supported statements of opinion in a book review were not actionable in defamation).

We elect to follow the only on-point authority presented to us and affirm the district court's conclusion that Steed's statements were not actionable.  *See Jones*, 2003 WL 1962062, at *6.  Smith's admission that he was baited into a "quarrel," "cut the discussion short," announced it was "the most idiotic discussion [he had] ever had," and became "exasperated" are sufficient evidence to render Steed's description of the encounter a "supportable interpretation" of the events.  *E.g.*, *Hunter*, 545 N.W.2d at 707; *Moldea*, 22 F.3d at 315.  On these undisputed facts, the defendants were entitled to judgment as a matter of law.

**AFFIRMED.**